# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ADAM LEWIS,

    Plaintiff                                      Case No.: **22-cv-961**

Vs.

JS DIAMOND ENTERPRISES LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ADAM LEWIS, hereinafter ("Mr. Lewis" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, JS DIAMOND ENTERPRISES LLC. (hereinafter "JS DIAMOND" or "Defendant"), and states:

## JURISDICTION AND VENUE

1. This is a civil action by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to this claim occurred in this district.

## PARTIES

4. The Plaintiff, ADAM LEWIS, is an Arab male resident of Pinellas County, Florida.

5. The Defendant, JS DIAMOND ENTERPRISES LLC, is a For Profit Corporation principally located at 9553 Harding Avenue, #307, Surfside, Florida 33154.

6. At all times relating to these allegations, Plaintiff worked for Defendant remotely from his home in Pinellas County.

## STATEMENT OF FACTS

7. On May 26, 2021, Defendant offered Mr. Lewis the position of Senior Accountant.

8. Mr. Lewis accepted the position and began his employment with Defendant shortly thereafter.

9. John Kastner interviewed Mr. Lewis for the position of Senior Accountant. During the interview Mr. Kastner wrote on Mr. Lewis' resume that Mr. Lewis was "Indian." However, Mr. Kastner had not asked Mr. Lewis where he was from and Mr. Lewis had not told Mr. Kastner that he was Indian.

10. Ms. Lewis is in fact from Morocco and is Arab. He has no connection with India.

11. Defendant's primary business purpose is to manage the fortune of the Diamond family composed of Jon Diamond and Susan Schottenstein and their children, children's spouses and grandchildren.

12. Gabriel Gliksberg is a member of the Diamond family by virtue of his marriage to Jillian Gliksberg, the daughter of Jon Diamond and Susan Schottenstein.

13. On July 19, 2021, Mr. Lewis spoke with Mr. Gliksberg for the first time for issues relating to the management of his finances. In that conversation Mr. Gliksberg, who has lived in Israel for several years, recognized that Mr. Lewis' accent was Arabic. Mr. Gliksberg asked Mr. Lewis where he was from, and Mr. Lewis responded that he was originally from Morocco and was Arab.

14. In late August 2021, shortly after Mr. Gliksberg asked Mr. Lewis where he was from, Mr. Kastner contacted Mr. Lewis and asked him where he was from. Mr. Lewis told Mr. Kastner that he was from Morocco and that he was Arab. After this interaction, Mr. Kastner's treatment of Mr. Lewis changed abruptly. Mr. Kastner began working to create a pretext for terminating Mr. Lewis.

15. When Mr. Lewis began his employment, Mr. Kastner told him that he would move into the newly renovated office at 9553 Harding Avenue in Surfside Florida when it opened following renovations. However, after Defendant learned that Mr. Lewis was Arab, it never allowed him to move into that location.

16. Defendant terminated Plaintiff on November 15, 2021.

17. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## COUNT I

### VIOLATION OF § 1981
### RACE DISCRIMINATION

18. Plaintiff re-alleges and incorporates paragraphs one through seventeen herein.

19. Plaintiff is an Arab male.

20. Plaintiff is a member of protected class under Section 1981 on the basis of his race.

21. Plaintiff was subject to disparate treatment by Defendant, based solely on Plaintiff's race.

22. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

23. Mr. Lewis was subjected to discrimination on the basis of his race while employed by Defendant.

24. Defendant's treatment of Mr. Lewis changed dramatically after Gabriel Gliksberg learned that Plaintiff was Arab.

25. Defendant is liable for the discrimination alleged herein.

26. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's federal rights.

27. As a direct and proximate result of Defendant's unlawful discrimination, Mr. Lewis has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, loss of professional standing, and has incurred litigation costs.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

B. Awarding Plaintiff compensatory damages against Defendant for the mental anguish, suffering, inconvenience and emotional pain, up to the maximum amount permitted under 42 USC § 1981;

C. Award punitive damages as permitted under 42 USC § 1981;

D. Awarding reasonable attorney's fees and costs incurred in this action;

E. Any such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury.

Dated this 25th day of April 2022.

/s/ Gary L. Printy Jr., Esq
**Gary L. Printy, Jr**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**

 3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Attorney for Plaintiff ADAM LEWIS*